Albert J. **BERNARD** and Janice C. Bernard, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 74–1634.

United States Court of Appeals, Ninth Circuit.

May 19, 1975.

---

Bernard L. Weddel, San Jose, Cal., for appellants.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Meade Whitaker, Chief Counsel, IRS, Ernest J. Brown, Jonathan S. Cohen, William M. Brown, Jr., Washington, D. C., for appellee.

## OPINION

Before CHAMBERS and CARTER, Circuit Judges, and SCHWARTZ,* District Judge.

PER CURIAM:

From 1936 through the period involved in this litigation, appellant Albert J. Bernard was employed as a sales manager for a firm in Minnesota, a job which involved between 30 and 50 hours of his time weekly. At some time after 1960, Bernard decided to buy 3,010 shares of Bohemian Surf Equipment Mfg. Co. (Bohemian) for $30,100. During 1961 and 1962, he served as president and a director of Bohemian, but received no compensation for either position. On his 1964 tax return, Bernard deducted the price of his Bohemian stock as an ordinary loss on the ground it was worthless. In 1965, he sought to deduct as business bad debts a loan of $15,000 made to Bohemian and a loan of $2,500 made to an individual named Wesley Deas. His argument for treating these sums as ordinary losses is that they were expended in the course of his trade or business of being a promoter. The Tax Court disagreed, holding that these items were to be treated as capital losses, 42 P–H Tax Ct. Mem. 73–295 (1973), and we affirm.

Under Int. Rev. Code of 1954 § 165(g), the loss from the worthlessness of the Bohemian shares is to be treated as a capital loss if the shares were capital assets in Bernard's hands. Since Bernard does not argue that the shares were other than capital assets under section 1221, his loss on them is not an ordinary loss regardless of whether he was in the trade or business of being a promoter, but a capital loss, apparently a long-term capital loss.

* The Honorable Edward J. Schwartz, United States District Judge for the Southern District of California, sitting by designation.

As to the bad debts, the Tax Court found that taxpayer's only trade or business was performing his job as a sales manager, a finding which we uphold as not clearly erroneous. He had never received a fee or commission for acting as a promoter; his principal goal in participating in these enterprises was the appreciation of his investment. Throughout this period his main source of income remained his sales manager's salary. Cf. Whipple v. Commissioner, 373 U.S. 193, 83 S.Ct. 1168, 10 L.Ed.2d 288 (1963). Since the loans to Bohemian and Deas were not created in connection with this job, they are nonbusiness bad debts and, under Int. Rev. Code of 1954 § 166(d), are to be treated as short term capital losses.

The finding that the losses were not in his "trade or business" was not clearly erroneous.

Affirmed.